UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OSAZE TAGGERT #528877,

    Plaintiff,                                     Case No. 2:23–cv–00243–HYJ–MV

vs.                                               Hon. Hala Y. Jarbou

ERIK S. JOHNSON,

    Defendant.
_____/

## ORDER SETTING EARLY MEDIATION CONFERENCE

    This case was referred to the District Court's *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program.

    1.    The Court appoints Joshua Scott Goodrich as the mediator for this case.

    2.    The mediation conference will take place on **September 16, 2024 at 1:15 p.m. via video conference**. The ADR Administrator will provide video connection details to the mediator and to Defendant(s), through counsel of record where applicable. The Michigan Department of Attorney General shall arrange the video conference with the Michigan Department of Corrections (MDOC). The MDOC shall ensure Plaintiff's participation.

    3.    In preparation for the mediation conference, the parties shall review the Program Description, provided with the Order Staying Case and Referral to the Pro Se Prisoner Civil Rights Litigation Early Mediation Program (Stay Order).

    4.    In the Stay Order, the parties were encouraged to submit their mediation statements and supplements to the ADR Administrator as soon as possible. Any party that has *not* already submitted these documents must do so within fourteen (14) days of the date of this Order:

        A.  <u>Mediation Statement</u>. The Mediation Statement must be *submitted to the ADR Administrator and the attorney(s) for the opposing party* (typically the Assistant Attorney General). A form that may be used for this purpose was provided to the parties with the stay order. The mediation statement is limited to five (5) pages and should contain a brief statement about the nature of the case and a brief discussion of disputed factual, legal, damages and evidentiary issues. In addition to the 5–page statement, up to five (5) pages of exhibits may be submitted. The envelope containing the mediation statement must clearly state, "Contains Mediation Statement."

        B.  <u>Mediation Supplement</u>. The Mediation Supplement must be *submitted to the ADR Administrator only*. A form that may be used for this purpose was provided to the parties with the stay order. The mediation supplement is

> limited to 1–2 pages and should contain a discussion of the party's strongest points, an honest discussion of the weakest points, realistic settlement options, including both monetary and non-monetary options, and a brief discussion of anything else that is important for the mediator to know before starting the mediation.  *The mediation supplement will be viewed only by the mediator and is not to be shared with, or sent to, the opposing side*.  The envelope containing the mediation supplement must clearly state, "Contains Mediation Supplement."

The ADR Administrator will forward these documents to the assigned mediator. These documents are intended solely for mediation purposes and must not be filed or e-filed with the Judge or Clerk's office.

All documents should be sent to the ADR Administrator at the following address:

> U.S. District Court
> ADR Administrator
> 399 Federal Bldg.
> 110 Michigan St. NW
> Grand Rapids, MI 49503

5.   If medical claims are raised in the complaint, the Court orders the disclosure of Plaintiff's medical records related to the complaint in accordance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its accompanying rules and regulations governing the disclosure, maintenance, use and disposal of protected health information (PHI) as follows:

> A.   For purposes of this order, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501.
>
> B.   The MDOC, a covered entity as defined in 45 C.F.R. § 160.103, shall disclose Plaintiff's medical records related to the claims raised in the complaint to the ADR Administrator within fourteen (14) days of the date of this Order. Nothing in this Order relieves any covered entity, party, their attorneys, agents, or representatives, or other personnel who request, receive, and/or review documents containing PHI from complying with all other applicable state and federal laws and regulations regulating or governing the request, review, or disclosure of PHI pertaining to Plaintiff to the extent and subject to the conditions outlined herein.
>
> C.   The ADR Administrator is authorized to share PHI received under this Order with the appointed mediator, who is authorized to share PHI with any other PEM attendee (as set forth in Section VIII. of the Program Description) as necessary for purposes of mediation, provided that each intended recipient first agrees to comply with the terms of this Order.
>
> D.   Recipients of PHI from the mediator are entitled to use such PHI in any manner reasonably related to early mediation, which includes disclosure to their attorneys of record, the attorney's support staff, and agents, insurers, experts, and consultants.
>
> E.   Recipients of PHI under this Order are prohibited from using PHI for any purpose other than those reasonably related to early mediation.  All records containing PHI produced as part of this Order shall be confidential and will not be attached to any document filed with the Court without leave of Court.
>
> F.   Within thirty (30) days after the conclusion of early mediation, any person

or entity in possession of Plaintiff's PHI received pursuant to this Order shall return such PHI to the MDOC or destroy all copies, including electronically stored copies.

IT IS SO ORDERED.


Dated:  August 13, 2024          /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    U.S. Magistrate Judge